```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| COLLETTE Y. WILLIAMS,     Plaintiff,<br><br>v.<br><br>NIKE TN, INC.,     Defendant. | No. 2:15-cv-02352-JPM-cgc |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Magistrate Judge's "Report and Recommendation on Defendant's Motion for Summary Judgment" (the "Report and Recommendation"), filed August 3, 2016. (ECF No. 40.) In the Report and Recommendation, the Magistrate Judge recommends "that Defendant's Motion for Summary Judgment be GRANTED." (Id. at 1.)

On August 11, 2016, Plaintiff timely filed her Objection to the Report and Recommendation (ECF No. 44).[1] See Fed. R. Civ. P. 72(b)(2). Defendant timely filed a response to Plaintiff's objection on August 22, 2016 (ECF No. 46). See id.

---

[1] Plaintiff's Objection was titled an "Objection to Motion of Summary Judgment"; however, as the Magistrate Judge has already issued the Report and Recommendation on the Motion for Summary Judgment, the Court treats Plaintiff's filing as an Objection to the Report and Recommendation.

**I.    BACKGROUND**

This action involves claimed violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). (See Compl., ECF No. 1 at 1.)

In a Complaint filed on May 26, 2015, Collette Y. Williams ("Plaintiff"), who is proceeding pro se, asserts that she filed charges against Defendant with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC") in 2013. (Compl. ¶¶ 11-12, ECF No. 1.) She received a Notice of Right to Sue ("RTS") from the EEOC on February 26, 2015. (ECF No. 1-1.) Plaintiff alleges that Defendant discriminated against her by terminating her employment after her injury on the job and failing to accommodate her physical restrictions. (Compl. ¶ 10, ECF No. 1.)

On June 30, 2016, Defendant filed a Motion for Summary Judgment to dismiss Plaintiff's claims with prejudice. (ECF No. 29.) Defendant asserts that Plaintiff's claims should be dismissed for lack of a genuine dispute as to any material fact regarding her Title VII and ADA claims. (See ECF No. 29 at 5.) Specifically, Defendant argues that Plaintiff's failure to accommodate claim is without merit, her discriminatory discharge claim fails, she is procedurally barred from claiming race discrimination, and she cannot establish a race discrimination claim. (See id. at 5-19.) Defendant also argues that Plaintiff

2

cannot recover back pay damages or compensatory damages arising out of her workplace injury.  (See id. at 19-20.)

**II.   ANALYSIS**

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed R. Civ. P. 72(b)(2).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

The portions of the Report and Recommendation as to which no specific objections were timely filed are reviewed for clear error.  See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  Howard, 932 F.2d at 509.  Moreover, the "failure to properly file objections constitutes a waiver of appeal."  See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

3

Plaintiff fails to make any specific objections to the Report and Recommendation.  In Plaintiff's Objection, she reiterates the facts alleged in her Complaint regarding her ADA claim, as well as additional facts regarding her pursuit of workers' compensation for her workplace injury that are beyond the scope of her Complaint.  (ECF No. 44 at 1.)  Plaintiff does not address the proposed conclusion in the Report and Recommendation regarding the lack of factual basis for her Title VII claim of race discrimination.  (See id.; ECF No. 40 at 12-13.)  In her Objection, Plaintiff does not include additional facts in support of her Title VII claim or otherwise address the lack of factual basis for the claim.  (See id.)  Additionally, Plaintiff does not address her failure to exhaust administrative remedies as to her Title VII claim of race discrimination.  (See id.; ECF No. 40 at 13.)  With regards to the failure to accommodate and discriminatory discharge claims under the ADA, Plaintiff does not object to the Magistrate's conclusion that she was not qualified for any employment position with Nike at the time of her termination, with or without a reasonable accommodation.  (See id.; ECF No. 40 at 14-16.)

Because Plaintiff does not make any specific objections to the proposed findings and recommendations in the Magistrate Judge's report, the Court reviews the Report and Recommendation for clear error.  See Howard, 932 F.2d at 509.  On clear-error

review, the Court hereby ADOPTS the Report and Recommendation (ECF No. 40) in its entirety.

Accordingly, Defendant's Motion for Summary Judgment (ECF No. 29) is GRANTED, and Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED,** this 2nd day of September, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE